IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| BELINDA GUY, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> COMMISSIONER OF SOCIAL § <br> SECURITY, § <br> § <br> Defendant. § | Civil Action No. 4:20-cv-01122-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Belinda Guy seeks judicial review of the Commissioner's decision denying her application for disability insurance benefits ("DIB") under the Social Security Act ("SSA"). After considering the pleadings, briefs, administrative record, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **REVERSE** the Commissioner's decision and **REMAND** this action for further administrative proceedings in which the ALJ complies with 20 C.F.R. § 404.1520c by explaining how he evaluated the persuasiveness of all medical opinions of record.

**I.   BACKGROUND**

Guy seeks disability benefits under Title II of the SSA. Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 15-1 at 12. She applied for DIB on July 2, 2018, alleging a disability onset date of April 30, 2018 and reporting disability due to bipolar disorder, attention-deficit/hyperactivity disorder ("ADHD"), anxiety, depression, and related learning disabilities. Tr. 155-58, 60. The Commissioner denied her application initially and upon reconsideration. *Id.* at 84-87, 93-95. Guy then requested a hearing before an administrative law judge ("ALJ"). *Id.* at 96. ALJ Derek N.

Phillips conducted the hearing (*id.* at 26-58) and affirmed the Commissioner's decision. *Id.* at 9-24.

After the Appeals Council denied further administrative review (*id.* at 1), Guy filed this action seeking judicial review under 42 U.S.C. § 405(g). ECF No. 1; *see also Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005) ("[T]he Commissioner's decision does not become final until after the Appeals Council makes its decision denying the claimant's request for review."). Guy argues the ALJ failed to apply proper legal standards when he rejected her treating physician's medical opinion without explaining how he evaluated its persuasiveness as required by 20 C.F.R. § 404.1520c. *See* ECF No. 19 at 10-17.

## II.   STANDARD OF REVIEW

Title II of the SSA, 42 U.S.C. §§ 401-434, governs the disability insurance program. A person is disabled if she cannot "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." *Id.* § 423(d)(1)(A). To determine whether a claimant is disabled, the Commissioner employs a sequential five-step evaluation process. 20 C.F.R. § 404.1520.

First, the claimant must not be presently doing any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "Substantial gainful activity" is work that "involves doing significant physical or mental activities" for pay or profit. *Id.* § 404.1572. Second, the claimant must have a severe impairment or combination of impairments. *Id.* § 404.1520(a)(4)(ii). Third, disability exists if the impairment or combination of impairments meets or equals an impairment in the federal regulatory list. *See* 20 C.F.R. § 404.1520(a)(4)(iii) (referencing 20 C.F.R. pt. 404, subpt. P, app. 1). Before proceeding to steps four and five, the Commissioner assesses the claimant's residual functional

capacity ("RFC") and considers her past relevant work ("PRW"). *See id.* § 404.1520(a)(4), (e)-(f). RFC means "the most [a claimant] can still do despite [her] limitations," *id.* § 404.1545(a)(1), while PRW means work the claimant has done "within the past 15 years, that was substantial gainful activity, and that lasted long enough for [the claimant] to learn to do it." *Id.* § 404.1560(b)(1). Fourth, if the claimant's medical status alone does not constitute a disability, the impairment or impairments must prevent the claimant from returning to his PRW considering her RFC. *Id.* § 404.1520(a)(4)(iv). Fifth, the impairment must prevent the claimant from doing any other relevant work, considering the claimant's RFC, age, work experience, and education. *Id.* § 404.1520(a)(4)(v); *Crowley v. Apfel*, 197 F.3d 194, 197-98 (5th Cir. 1999).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [she] is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

Judicial review is limited to determining whether the Commissioner applied correct legal standards and whether substantial evidence in the record supports the Commissioner's decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a reasonable mind might accept to support a conclusion." *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995) (quoting *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994)). "It is more than a mere scintilla and less than a preponderance." *Boyd v. Apfel*, 239 F.3d 698, 704 (5th Cir. 2001) (quoting *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000)). "A finding of no substantial evidence is appropriate only if no

credible evidentiary choices or medical findings support the decision." *Id.* (quoting same). The Court may neither reweigh evidence in the record nor substitute its judgment for the Commissioner's, but it will scrutinize the record to determine if substantial evidence is present. *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000); *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the [Commissioner] and not the courts to resolve." *Brown v. Apfel*, 192 F.3d 492, 496 (5th Cir. 1999) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)) (alteration in original).

### III. ANALYSIS

Although the Commissioner insists substantial evidence supports the ALJ's decision, the ALJ deviated from applicable legal standards when formulating it. Accordingly, even if the Commissioner is correct and substantial evidence supports the ALJ's conclusion, remand is warranted because the ALJ took the wrong path to the right destination. *See Leggett*, 67 F.3d at 564.

The ALJ proceeded through the sequential evaluation process. *See* Tr. at 12-19. At step one, he found Guy "has not engaged in SGA since April 30, 2018, the alleged onset date." *Id.* at 14. At step two, he found Guy had two nonsevere impairments (diabetes mellitus and insomnia) and two severe impairments (anxiety disorder and bipolar disorder). *Id.* At step three, he determined Guy's impairments do not meet those listed in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* Before proceeding to step four, the ALJ assessed Guy's RFC:

> [T]he claimant has the RFC to perform a full range of work at all exertional levels but with the following nonexertional limitations: She is able to hear and understand simple oral instructions. The claimant can work at unprotected heights occasionally, moving mechanical parts occasionally, and operating a motor vehicle occasionally. Regarding the ability to understand, remember, and carry[] out instructions, the claimant can perform simple, routine, and repetitive tasks, but not at a production rate pace (e.g.[,] assembly line work). Regarding the ability to interact with others, she is able to interact with supervisors and coworkers

4

>frequently and the public occasionally. In dealing with changes in work setting, she is able to make simple work-related decisions. In addition to normal breaks, the claimant will be off task 5[] percent of the time in an 8-hour workday.

*Id.* at 16 (cleaned up). Based on that RFC, the ALJ concluded Guy could perform jobs with several "nonexertional limitations," such as Router (approximately 35,000 jobs in the national economy), Merchandise Marker (approximately 125,000 jobs in the national economy), and Photocopy Machine Operator (approximately 10,500 jobs in the national economy). *Id.* at 19.

Because the ALJ found Guy can perform a significant number of jobs within the national economy notwithstanding her impairments, he determined she is not disabled and thus not entitled to DIB. *Id.* at 19-20. While Guy does not argue the ALJ's decision lacks substantial evidence, she seeks reversal because he did not explain why he discredited the medical opinion of her treating physician, Dr. Nguyen, in compliance with 20 C.F.R. § 404.1520c. The undersigned agrees.

### A. The ALJ deviated from correct legal standards by failing to provide a persuasiveness finding for Dr. Nguyen's medical opinion.

No formalistic rules govern how an ALJ must articulate a disability determination. *Falco v. Shalala*, 27 F.3d 160, 164 (5th Cir. 1994). But at minimum, ALJs must "articulate in [their] determination or decision how persuasive [they] find all of the medical opinions . . . in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). While ALJs need not exhaustively explain their reasoning, they must "explain how [they] considered the supportability and consistency factors for . . . medical opinions . . . in [a claimant's] determination or decision." *Id.* § 404.1520c(b)(2). This requirement is obligatory for claims filed on or after March 27, 2017. *Id.* Guy applied for DIB on July 2, 2018. Tr. 12, 116, 123. She was thus entitled to that explanation.

The ALJ acknowledged Dr. Nguyen's opinion when reciting relevant evidence from the record. Tr. 17. But mere evidentiary summaries fall short of § 404.1520c's requirements, as

evidenced by the plain meaning of the regulatory text. As the Fifth Circuit explained in *Kneeland v. Berryhill*:

> The ALJ's root error was failing to address . . . [the physician's] opinion in his decision. It appears from his RFC determination that the ALJ either did not consider [the physician's] opinion, or considered it but assigned it no weight. If the former, remand is appropriate for consideration of [the physician's] opinion. If the latter, remand is appropriate for an explanation of the rejected medical opinion, or an explanation of what was assigned.

850 F.3d 749, 761 (5th Cir. 2017). The Commissioner asserts "[t]he ALJ explained how persuasive the evidence was in evaluating Plaintiff's claim." ECF No. 22 at 4. But this ignores § 404.1520c's specificity requirement. While the ALJ commented generally on the persuasiveness of certain evidence within the record, § 404.1520c requires an explicit persuasiveness finding for "all of the medical opinions" in the evidentiary record. Thus, the ALJ's general comments do not satisfy the specific regulatory requirements at issue.

With respect to ALJ decisions, § 404.1520c provides the floor, not the ceiling. As discussed above, the "most important factors" are supportability and consistency, and no ALJ's decision is complete without a discussion of those factors for each medical opinion of record. *Id.* § 404.1520c(b)(2). This baseline due process protection is not intended to be onerous, as the regulations explain:

> Because many claims have voluminous case records containing many types of evidence from different sources, it is not administratively feasible for us to articulate in each determination or decision how we considered all of the factors for all of the medical opinions and prior administrative medical findings in your case record. Instead, when a medical source provides multiple medical opinion(s) or prior administrative medical finding(s), we will articulate how we considered the medical opinions or prior administrative medical findings from that medical source together in a single analysis using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate . . . The factors of supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section) are the most important factors we consider when we determine how persuasive we find a medical source's medical opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency

> factors for a medical source's medical opinions . . . in your determination or decision. We may, but are not required to, explain how we considered the factors in paragraphs (c)(3) through (c)(5) of this section, as appropriate, when we articulate how we consider medical opinions or prior administrative medical findings in your case record.

*See id.* § 404.1520c(b)(1)-(2). The ALJ fell short of this requirement as to Dr. Nguyen's opinion. *See* Tr. 16-19.

The Commissioner seeks to circumvent this requirement by arguing Dr. Nguyen's opinion "should be classified as a brief or conclusory statement" because it "consisted solely of check-box findings without further explanation." ECF No. 22 at 4. To support this contention, the Commissioner cites *Foster v. Astrue*, 410 F. App'x 831, 833 (5th Cir. 2011). But this stretches *Foster* too far, as the court there characterized check-box questionnaires as "brief and conclusory" but still evaluated them as medical opinions. *Id.* Thus, *Foster* may speak to the probative value of Dr. Nguyen's opinion, but it does not support reclassifying the opinion into a different evidentiary taxonomy. While courts have long questioned the questionnaire format's persuasive value, "there is no binding authority requiring the court to reject a checklist as a medical opinion." *Gittens v. Astrue*, No. 3:04-cv-2363-L, 2008 WL 631215, at *5 (N.D. Tex. Feb. 29, 2008). This is especially true when the opinion comes from a claimant's treating physician, as the contested opinion does here. *See* Tr. at 276-82.

It is axiomatic within administrative law that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973). Thus, administrative adjudicators must ensure the record reflects their analyses of all material evidence, even if they reject it. *See, e.g.*, *Kneeland*, 850 F.3d at 760-61 (noting that "rejecting a conflicting medical opinion nevertheless requires an explanation"). For medical opinions in social security cases, § 404.1520c provides the "rules of

the road" for ALJs seeking to explain their decisions. By failing to provide a persuasiveness finding—particularly in light of the supportability and consistency factors—the ALJ left Guy without an explanation for her claim's denial and left the Court with an incomplete record incapable of facilitating meaningful judicial review. *Id.* This is not a trivial matter or merely technical consideration; it is a mandatory procedural protection. *See William T. v. Comm'r of Soc. Sec.*, No. 6:18-cv-0055-BU, 2020 WL 6946517, at *6 (N.D. Tex. Nov. 25, 2020) ("[T]he regulations do not appear to contemplate a scenario where an ALJ fulfills his legal obligation to consider a medical opinion without also explicitly discussing how he did so.").

An ALJ's decision must live or die with the explanations offered in the administrative record. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). If an ALJ does not comport with regulatory requirements by properly explaining his analysis, "the court is powerless to affirm the administrative decision by substituting what it considers to be a more adequate or proper basis." *SEC v. Chenery Corp.*, 332 U.S. 194, 196 (1947). This is a "simple but fundamental rule of administrative law." *Id.* This was the impetus behind the 2017 revisions to 20 C.F.R. § 404.1520c, which first required the explanation missing from the ALJ's opinion here. *See Revisions to Rules Regarding the Evaluation of Medical Evidence*, 82 FR 5844-01, 2017 WL 168819, at *5854-58 (noting the articulation is required to "provide individuals with a better understanding of [the Commissioner's] determinations and decisions" and "provide sufficient rationale for a reviewing [] court."). While the Commissioner rightly observes that "the ALJ no longer assigns specific evidentiary weight to opinions," the issue here is not that the ALJ improperly evaluated Dr. Nguyen's opinion, but that the ALJ provided no articulation indicating he evaluated the opinion at all. *See Leggett*, 67 F.3d at 555 (noting "the opinions of a claimant's treating physicians are entitled to great weight" and requiring the ALJ to explain "good cause" when discrediting an opinion).

Because the ALJ disregarded Dr. Nguyen's opinion without explanation, the Court cannot fulfill its constitutional obligation and conduct meaningful judicial review of the Commissioner's decision. *See Chenery Corp.*, 332 U.S. at 196.

In many respects, the Commissioner's brief attempts to do the ALJ's job. The Commissioner voices skepticism over the probative value of check-box findings like those of Dr. Nguyen. *See* ECF No. 22 at 4-5. But even if the Court shares that skepticism, the ALJ must discuss the opinion's probative value—or lack of it—in his decision. *See Newton*, 209 F.3d at 455 ("The ALJ's decision must stand or fall with the reasons set forth in the ALJ's decision."); *Gittens*, 2008 WL 631215, at *5 ("While on remand, an ALJ may find that the checklist is inconsistent with other medical evidence, but that determination must be made by the ALJ, not the court."). Reviewing courts cannot make educated guesses as to an ALJ's inner thoughts. Indeed, regulations like § 404.1520c exist to ensure conjecture plays no part in a court's conclusion. Consequently, even if the Court can intuit the ALJ's reasons for discrediting Nguyen's opinion, it must remand the case so the ALJ can make explicit that which is currently implicit in his findings. *See Amie R. S. v. Saul*, No. 3:18-cv-2557-B-BH, 2020 WL 1279210, at *10 (N.D. Tex. Feb. 29, 2020) (reversing and remanding in a factually indistinguishable case because "the ALJ's decision did not mention the check-box questionnaire as a factor in the weight she assigned to [the ALJ's] opinion").

### B. The ALJ's failure to provide persuasiveness findings for Dr. Nguyen's opinion was harmful error.

Reviewing courts do not hold ALJs to the untenable standard of perfection, meaning harmless errors leave an ALJ's determination none the worse for wear. *See Audler*, 501 F.3d at 448 ("Procedural perfection in administrative proceedings is not required" as long as "the substantial rights of a party have not been affected."). "In the Fifth Circuit, harmless error exists when it is inconceivable that a different administrative conclusion would have been reached absent

the error." *Davidson v. Colvin*, 164 F. Supp. 3d 926, 944 (N.D. Tex. 2015). The Commissioner contends "Plaintiff's argument has no merit and no reversible error occurred" because the ALJ relied on ostensibly substantial evidence when reaching his conclusion. ECF No. 22 at 7-8. But the ALJ's reliance on certain evidence does not render a different outcome *inconceivable* on remand. This is especially true considering Dr. Nguyen was Guy's treating physician, and "reports of physicians who did not examine the claimant, taken alone, would not be substantial evidence on which to base an administrative decision." *Strickland v. Harris*, 615 F.2d 1103, 1109 (5th Cir. 1980) (citation omitted).

Even if the Commissioner is correct and the ALJ reaches the same conclusion on remand, the Fifth Circuit has rejected the notion that such a circumstance warrants affirmation of an initial decision improperly reached. As the Court noted in *Moore v. Sullivan*:

> In essence, [the Commissioner's] argument asks us to presume that the ALJ would have reached the same conclusion had he applied the proper legal standards for evaluating Moore's entitlement to benefits. We refuse to make such a presumption . . . Where the agency applies proper legal standards in denying benefits, we must uphold the decision if it is based on substantial evidence. However, where the Secretary has relied on erroneous legal standards in assessing the evidence, we must reconsider that denial.

895 F.2d 1065, 1070 (5th Cir. 1990) (citation omitted). By erroneously deviating from § 404.1520c's requirements, the ALJ reached a conclusion the Court cannot affirm. Unless the ALJ explains why he rejected Dr. Nguyen's medical opinion, the Court can never determine whether he applied correct legal standards and reached a decision substantial evidence supports. *Kneeland*, 850 F.3d at 761-62.

Even if the Court agrees with the ALJ's decision, it is difficult to review the administrative record and conclude a different outcome is "inconceivable." Based on his personal treatment relationship with Guy, Dr. Nguyen reported clinical signs of mental illness, including: crying

spells, appetite disturbance, paranoia, low energy, trouble sleeping, mood swings, pressured speech, generalized anxiety, autonomic hyperactivity, trouble formulating her thoughts coherently, chronic depression, hallucinations, irrational fears, recurrent severe panic attacks, obsessions, anger outbursts, and intrusive recollections of past trauma. Tr. 291-92. He believed these conditions would limit her workplace participation, interrupting ten or more workdays in an average month. *Id.* at 293. He thought her conditions would necessitate resting periods of up to seventy-five percent of the average eight-hour workday. *Id.* Even with the dearth of explanations in Dr. Nguyen's opinion, further consideration of that opinion alongside other evidence of record could conceivably, even if not likely, result in a different conclusion following remand.

As a final matter, remand is appropriate given the nature of the legal standards from which the ALJ deviated. An ALJ's error might be harmless where he conducts the five-step evaluation in the wrong order or misunderstands the weight he must assign to certain evidentiary sources. But denial of a mandatory procedural protection is not harmless error. *William T.*, 2020 WL 6946517, at *6. Indeed, § 404.1520c exists partly to ensure substantial evidence supports the ALJ's decision. Unless a reviewing court understands why an ALJ discredited a treating physician's opinion, the court can never know with certainty whether substantial evidence supports the ALJ's conclusion. This has been the Fifth Circuit's consistent stance, as the court explained in *Kneeland*:

> The Commissioner avers that any error in not addressing Dr. Bernauer's statement was harmless. However, the Commissioner points to no cases in which an ALJ's failure to address an examining physician's medical opinion is deemed harmless. This is because, as explained above, such an error makes it impossible to know whether the ALJ properly considered and weighed an opinion, which directly affects the RFC determination . . . Of course it is possible the ALJ considered and rejected Dr. Benauer's opinion, but without an explanation, we have no way of knowing.

850 F.3d at 761-62. Thus, rather than engaging in juridical guesswork, the Court should apply the default rule that "rejecting a conflicting medical opinion [] requires an explanation" and note that

11

"cursory, boilerplate language about carefully considering the entire record does not constitute an explanation for rejecting a medical opinion." *Id.* at 760-61. Because the Court cannot meaningfully review this matter without an explanation for the ALJ's disregarding Dr. Nguyen's opinion, Judge O'Connor should reverse the decision and remand this action for further administrative proceedings in which the ALJ provides that mandatory explanation.

## IV. CONCLUSION

The ALJ deviated from applicable legal standards by disregarding the medical opinion of Guy's treating physician without furnishing the persuasiveness finding § 404.1520c requires. That persuasiveness finding is a mandatory procedural protection designed to safeguard Guy's due process rights, explain the ALJ's decision with requisite specificity, and preserve a clear record of the ALJ's analysis for subsequent reviewing courts. Without it, the Court cannot determine whether substantial evidence supports the ALJ's determination that Guy is not disabled. Accordingly, the undersigned **RECOMMENDS** that Judge O'Connor **REVERSE** the Commissioner's decision and **REMAND** this case for further administrative proceedings in which the ALJ reviews Dr. Nguyen's opinion and furnishes persuasiveness findings as required by 20 C.F.R. § 404.1520c.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates

by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on March 14, 2022.

                                                                  Hal R. Ray, Jr.
                                                                  UNITED STATES MAGISTRATE JUDGE