IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| **BELINDA GUY,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:20-cv-01122-O-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court are Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act filed July 1, 2022 and Notice of Completed Conference for Plaintiff's Motion for Attorney Fees filed July 6, 2022. ECF Nos. 30 and 32, respectively. By Order entered July 6, 2022, United States District Judge Reed O'Connor referred the Application and all related responses, replies, briefs in support, appendices, etc. to the undersigned for determination or recommendation. ECF No. 31. After reviewing the Application, Certificate, and applicable legal authorities, noting that Defendant does not oppose the Application, and for good cause shown, the undersigned **RECOMMENDS** that Judge O'Connor **GRANT** the Application.

The Court finds that Plaintiff, Belinda Guy, was the prevailing party in this case. The Court further finds, pursuant to 28 U.S.C. § 2412(d)(2)(A), that the appropriate hourly rate at which to award fees in this case is $200.83 per hour for service performed in 2020 and $211.36 for service performed in 2021 and 2022. The Court further finds that Plaintiff is entitled to attorney fees for compensation of 2.10 hours of service performed in 2021 and 23.75 hours performed in 2021 and 2022.

Accordingly, the undersigned **RECOMMENDS** that Defendant be **ORDERED** to pay Plaintiff Belinda Guy, in care of Michael T. Kelly, an attorney, attorney fees under the Equal Access to Justice Act in the total amount of $5,441.53 for 25.85 hours of service, consisting of 2.10 hours in 2021 at the hourly rate of $200.83 and 23.75 hours in 2021 and 2022 at the hourly rate of $211.36.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

**SIGNED** on July 8, 2022.

_Hal R. Ray, Jr._
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE